JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:11-CV-1341-JST (MLGx)                   Date:  September 13, 2011
Title: Julia Gelb v. Robert Gelb

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|   Ellen Matheson   |         N/A         |
|--------------------|---------------------|
| Deputy Clerk       | Court Reporter      |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO
                 ORANGE COUNTY SUPERIOR COURT, CASE NO.
                 08D011558**

     This action was originally filed in Orange County Superior Court, Case Number
08D011558.  On September 6, 2011, Ms. Gelb removed this dissolution action on the basis of
civil rights jurisdiction, 28 U.S.C. § 1443.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the
limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon
the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.
2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (internal
quotation marks omitted)).  Courts "strictly construe the removal statute against removal
jurisdiction," thus "the defendant always has the burden of establishing that removal is proper."
*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if
there is any doubt as to the right of removal in the first instance."  *Id.*  Moreover, removal is
proper only in "state-court actions that originally could have been filed in federal court."
*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "The presence or absence of federal-
question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that
federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's
properly pleaded complaint."  *Id.*  "If at any time before final judgment it appears that the district
court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

     Here, Defendant fails to show that removal under section 1443 is appropriate because
Defendant has not "reference[d] . . . a [California] state statute or a constitutional provision that
purports to command the state courts to ignore [Plaintiff's] federal rights."  *Patel v. Del Taco,
Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:11-CV-1341-JST (MLGx)                          Date:  September 13, 2011

Title: Julia Gelb v. Robert Gelb

Furthermore, because the underlying action is a dissolution of marriage, a federal question does not present itself.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Orange County Superior Court.

Initials of Preparer:  <u>enm</u>